# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **NANCY MAVEL SANCHEZ-MERLO,** | ) | |
| **ID # 49388-177,** | ) | |
| **Movant,** | ) | **No. 3:16-CV-2243-B (BH)** |
| **vs.** | ) | **No. 3:15-CR-205-B (4)** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| **Respondent.** | ) | **Referred to U.S. Magistrate Judge** |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the motion to vacate, set aside, or correct sentence should be **DENIED** with prejudice.

## I. BACKGROUND

Nancy Mavel Sanchez-Merlo ("Movant"), a federal prisoner, pleaded guilty to conspiracy to possess with intent to distribute a controlled substance in Cause No. 3:15-CR-205-B (4). (*See* doc. 85.)[1] The Court sentenced her to 36 months' imprisonment, with a 1-year term of supervised release. (*See id.*) She did not appeal.

Movant now seeks a reduction in her sentence under Amendment 794 to the United States Sentencing Guidelines. (*See* 3:16-CV-2243-B, doc. 4 at 7.)

## II. SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). "[A] claim that the sentence imposed is

---

[1] Unless otherwise indicated, all subsequent document numbers refer to the docket number assigned in the underlying criminal action, 3:15-CR-205-B (4).

contrary to a post-sentencing clarifying [U.S.S.G.] amendment is a non-constitutional issue that does not provide a basis for collateral relief in the absence of a complete miscarriage of justice." *Burke v. United States*, 152 F.3d 1329, 1332 (11th Cir. 1998); *see also United States v. Towe*, 26 F.3d 614, 616 (5th Cir. 1994) (concluding that a post-conviction claim for a sentence reduction pursuant to an amendment to the U.S.S.G. was "not of constitutional dimension," and thus not cognizable in a § 2255 proceeding). Here, Movant's claim for a sentence reduction under Amendment 794—a post-sentencing clarifying amendment to the U.S.S.G.—is not cognizable in this § 2255 proceeding. *See, e.g.*, *United States v. Guerrero*, 691 F. App'x 179, 179 (5th Cir. 2017) (per curiam) (concluding that the movant's claim that the district court should have retroactively applied Amendment 794 was not cognizable in a § 2255 proceeding).

### III.  MOTION UNDER 18 U.S.C. § 3582(c)(2)

Because Movant claims that she is entitled to a reduction of her sentence under Amendment 794, which she contends is retroactive, her § 2255 motion could be construed as arising under 18 U.S.C. § 3582(c)(2). *See, e.g.*, *Guerrero*, 691 F. App'x at 179 ("In light of the relief Guerrero sought and the unavailability of relief under § 2255, the court did not err in construing the motion as a § 3582(c)(2) motion.").

Section 3582(c)(2) states that a court may not modify a sentence once imposed except that–

> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commissioner pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2); *see also United States v. Boe*, 117 F.3d 830, 831 (5th Cir. 1997). The

applicable policy statement, U.S.S.G. § 1B1.10, entitled "Retroactivity of Amended Guideline Range (Policy Statement)," provides that a reduction in a defendant's term of imprisonment is authorized under § 3582(c)(2) only if the amendment lowering the guideline range applicable to that defendant is listed in § 1B1.10(c).  USSG §1B1.10(a); *United States v. Galvez*, 321 F. App'x 405 (5th Cir. 2009) (citing *U.S. v. Drath,* 89 F.3d 216, 217-18 (5th Cir.1996)).  If an amendment to the United States Sentencing Guidelines is not listed in U.S.S.G. § 1B1.10(c), then "a reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is *not* authorized under 18 U.S.C. § 3582(c)(2).  § 1B1.10(a) (emphasis added); *see also Drath*, 89 F.3d at 217-18.

Amendment 794 amended the commentary to U.S.S.G. § 3B1.2, which provides for a decrease in offense level for minor and minimal participants.  It is not listed in § 1B1.10(c) as an amendment that can subsequently lower an applicable guideline range, so it was not made retroactive by the U.S. Sentencing Commission, and the Court does not have discretion to consider reducing Movant's sentence on this basis.  *See* U.S.S.G. §1B1.10(a), (c); *see also Guerrero*, 691 F. App'x at 180 (affirming the district court's denial of relief under § 3582(c)(2) because "[§] 3582(c)(2) applies only to retroactive guideline amendments that are listed in U.S.S.G. § 1B1.10(d)" and "Amendment 794 is not listed there.").  Even if Movant's claims were considered under § 3582, she would still not be entitled to relief.

## IV.  RECOMMENDATION

The motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 should be **DENIED** with prejudice.  To the extent that the motion may be liberally construed as arising under 18 U.S.C. § 3582(c)(2), it should be denied.

SIGNED this 21st day of March, 2018.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE